UNITED STATES of America,
Plaintiff–Appellee,

v.

Perfecto Socoro MUNOZ, a/k/a
Chito, Defendant–Appellant.

No. 91–5704.

United States Court of Appeals,
Fifth Circuit.

March 20, 1992.

Rehearing Denied April 20, 1992.

172

Julio A. Garcia, Laredo, Tex., for defendant-appellant.

Richard L. Durbin, Jr., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge.

Appellant, Perfecto Socoro Munoz, seeks reversal of his convictions of possession with intent to distribute cocaine and conspiracy to distribute marijuana. Appellant challenges the denials of his motion to suppress and his motion for a new trial and the sufficiency of the evidence. Finding no merit in his arguments, we affirm.

*Background*

In December 1990, San Antonio police received a tip from a confidential informant that Maximo Garcia was storing large quantities of marijuana in his San Antonio home. Based on the information supplied by the informant, the police applied for a search warrant of Garcia's residence, supporting their application with the affidavit of Officer David Ambrose. Ambrose's affidavit indicated that the informant had revealed that within the prior seventy-two hours, he had seen several hundred pounds of marijuana in Garcia's house, that Garcia would be out of town until December 26, and that the marijuana would be removed upon Garcia's return. The magistrate issued a search warrant for the property on the strength of this affidavit. Neither the warrant nor the affidavit supporting it mentioned Perfecto Socoro Munoz by name.

On December 26, with search warrant in hand, the police established surveillance of Garcia's home. That afternoon, Garcia and Appellant arrived in Appellant's car. As Garcia and Appellant got out of the car, the police stopped and frisked both men. Appellant was carrying a zippered bag in which the officers found, among other things, a credit card and bill bearing Appellant's name, 10.5 grams of cocaine, $1,000 in cash, and a piece of notebook paper with numbers listed on it. A search of the house revealed forty-five bundles of marijuana labeled by weight with numbers corresponding to those listed on the paper found in Appellant's bag.

While the officers searched the house, Appellant and Garcia waited in the kitchen. During the search, Appellant's brother telephoned the house. When Appellant was informed that his brother was on the line, he shouted towards the telephone, in Spanish, "The narcs. The narcs are here."

At trial Appellant claimed that he had no knowledge of the contents of the home or the zippered bag. Appellant moved to suppress the contents of the bag, arguing that because the police lacked probable cause to arrest him, the search incident to his arrest was unlawful. To determine whether the police had probable cause to arrest Appellant, the district court held an *in camera* interview with the informant. Apparently satisfied that the informant had provided the officers with information establishing probable cause to arrest Appellant, the court denied the motion to suppress. To protect the identity of the informant, it declined to state its reasons.

Appellant and Garcia were tried jointly, but after Appellant testified, Garcia

reached a plea agreement with the Government. To preserve his Fifth Amendment rights, however, Garcia did not enter his guilty plea until the case was closed. Appellant did not attempt to call Garcia as a witness during trial. Nor did he attempt to reopen the case to present the evidence of Garcia's guilty plea. The jury found Appellant guilty.

At sentencing, Garcia stated that Appellant held no proprietary interest in the contents of the bag or the house. In light of this statement, Appellant moved for new trial based on newly discovered testimony. The district court denied the motion.

In this Court, Appellant offers four arguments for the reversal of his conviction. First, he contends that the district court should have granted his motion to suppress because the police lacked probable cause to arrest and search him. Second, he argues that the announcement of Garcia's plea agreement at the end of the trial violated his Sixth Amendment right to compulsory process. Appellant's third point of error is the denial of his motion for new trial based on newly discovered evidence. Finally, Appellant disputes the sufficiency of the evidence supporting both the cocaine and marijuana verdicts.

*Analysis*

*Motion to Suppress*

■ When reviewing a district court's suppression ruling, we accept the trial judge's factual findings unless they are "clearly erroneous or influenced by an incorrect view of the law." *United States v. Lanford*, 838 F.2d 1351, 1354 (5th Cir. 1988). We view the evidence and construe all inferences in the light most favorable to the Government. *United States v. Maldonado*, 735 F.2d 809, 814 (5th Cir.1984).

■ Officers executing a search warrant of a particular premises may not search a person found on the premises absent individualized probable cause. *Ybarra v. Illinois*, 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238 (1979). We have carefully reviewed the transcript of the *in camera* questioning of the confidential informant, and find that, before the issuance of the warrant, the informant provided the police

with ample information to establish probable cause to arrest and search Perfecto Socoro Munoz as well as Maximo Garcia. The district court, thus, did not err in permitting the introduction of evidence discovered incident to Appellant's arrest.

*Sixth Amendment*

■ Appellant contends that Garcia's agreement to plead guilty at the end of trial deprived him of the opportunity to call Garcia as a witness in his defense. We find no merit in this argument. Appellant made no attempt to call Garcia as a witness. Furthermore, Garcia's plea agreement does not evidence an effort by the Government to discourage or prevent Garcia from testifying. Absent such an indication, Appellant cannot prevail on this claim. *See United States v. Hatch*, 926 F.2d 387, 395 (5th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 126, 116 L.Ed.2d 93 (1991).

*New Trial Motion*

■ We review the district court's ruling on a motion for new trial for an abuse of discretion. *Jones v. Wal–Mart Stores Inc.*, 870 F.2d 982, 986 (5th Cir.1989). To prevail on a motion for new trial based on newly discovered evidence, a defendant must show: (1) that the evidence is in fact newly discovered and was unknown to him at trial; (2) that the evidence is material and not merely cumulative or impeaching; (3) that the evidence would probably produce an acquittal; and (4) that the failure to discover the evidence was not due to defendant's lack of diligence. *United States v. Lopez–Escobar*, 920 F.2d 1241, 1246 (5th Cir.1991).

■ Although Garcia's testimony arguably did not become available to Appellant until the end of trial, Appellant has failed to show that the evidence was newly discovered. *See United States v. Metz*, 652 F.2d 478, 480 (5th Cir.1981). Indeed, according to Appellant's version of the events, Garcia was responsible for the criminal activity. Because Appellant knew of Garcia's guilt, he cannot pass even the first step of the newly discovered evidence test. Even if he could clear the first hurdle, his failure to call Garcia at trial establishes a lack of diligence on his part. The

district court, therefore, did not abuse its discretion in denying Appellant's motion for new trial.

### Sufficiency of the Evidence

Appellant challenges the sufficiency of the evidence of both his conviction of possession with intent to distribute cocaine and his conviction of conspiracy to distribute marijuana. Viewing the evidence and inferences that may be drawn from it in the light most favorable to the verdict, we must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Nixon*, 816 F.2d 1022, 1029 (5th Cir.1987), *cert. denied*, 484 U.S. 1026, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988).

■■■ The elements of possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), are (1) knowing, (2) possession, (3) with intent to distribute. *United States v. Anchondo-Sandoval*, 910 F.2d 1234, 1236 (5th Cir.1990). Although the amount of cocaine in Appellant's possession was relatively small, proof of intent to distribute does not require the presence of a certain minimum quantity of controlled substance. *United States v. Grizales*, 859 F.2d 442, 446 n. 2 (7th Cir.1988). Proof of intent to distribute may be inferred from the presence of distribution paraphernalia, large quantities of cash, or the value and quality of the substance. *See United States v. Robinson*, 870 F.2d 612, 613 (11th Cir.1989); *United States v. Castellanos*, 731 F.2d 979, 985 (D.C.Cir.1984); *United States v. Glenn*, 667 F.2d 1269, 1272 (9th Cir.1982). Appellant was found with a very high grade of cocaine, suitable for further dilution. He carried this cocaine along with $1,000 and a sheet listing the weight of large amounts of marijuana. Moreover, Appellant denied using cocaine for personal consumption. We find that, based on this evidence, it was reasonable for the jury to infer Appellant possessed the cocaine for distribution purposes.

■■■ The elements of conspiracy to distribute marijuana, a violation of 21 U.S.C. § 846, are (1) the existence of an agreement between two or more people to violate narcotics laws, (2) defendant's knowledge of and intent to join the conspiracy, and (3) participation in the conspiracy. *United States v. Magee*, 821 F.2d 234, 238–39 (5th Cir.1987). Proof of any element may be by circumstantial evidence. *United States v. Ruiz*, 860 F.2d 615, 617–18 (5th Cir.1988). The evidence supporting the jury's verdict is plentiful. The police found in Appellant's possession a sheet of paper listing the weight of the marijuana found in Garcia's home. Appellant's fingerprints were detected on the paper. Appellant's version of the events—that he and his family were staying in Laredo when Garcia, whom he did not know well, unexpectedly requested a ride into San Antonio—is contradicted by a bill in Appellant's name from a Laredo hotel indicating that two adults (and no children) stayed there. That Appellant's brother knew where and when to call Appellant on the day of the arrest as well as Appellant's attempt to warn his brother about "the narcs" further tends to show his complicity in Garcia's venture. The verdict of the jury with respect to the marijuana count was reasonable.

The conviction of Appellant, therefore, is AFFIRMED.