_____

No. 95-3428
_____

United States of America,          *
                                   *
        Appellee,                  *
                                   *    Appeal from the United States
        v.                         *    District Court for the
                                   *    Eastern District of Arkansas.
Gary D. Anderson,                  *
                                   *
        Appellant.                 *

_____

Submitted:   February 13, 1996

Filed:   March 18, 1996
_____

Before MAGILL, HEANEY, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.


        Gary D. Anderson was charged with three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. 924(e)(1).  After a jury trial he was acquitted on two counts and convicted of one, and was sentenced by the district court[1] to 235 months imprisonment as a career offender.[2]  Anderson appeals from the judgment of conviction on the basis that there was insufficient evidence to support it.  We affirm.

_____

        [1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

        [2]Any person who violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense is subject to a maximum $25,000 fine and minimum fifteen year imprisonment.  18 U.S.C.A. § 924(e)(1) (1995).

Anderson was convicted of Count II which alleged possession of a RG Industries, Model RG-31, .38 caliber revolver; the other counts alleged possession of four different firearms. To establish one of the elements of the offense, the government introduced into evidence certified copies of four prior felony convictions involving drug-related offenses.

Several individuals testified at trial. Anderson's nephew, Justin, and Justin's friend, Michael, testified that they stole a RG .38 revolver, a Smith and Wesson .44 chrome pistol, and three other guns from a car lot named O K Car-ral in Jonesboro, Arkansas on August 23, 1994. Justin and Michael also stated that they gave Anderson four of these guns, including a RG .38 revolver and a .44 chrome pistol. Anderson told Michael that he could probably sell the .38 revolver for $100.

Brandon Smith testified that while he was at Anderson's home in August 1994, Anderson asked if he knew anyone who would be interested in a .38 revolver which he described as "hot". Smith said he also saw a Smith and Wesson .44 chrome pistol while he was there and that he took the .38 revolver from Anderson and sold it. He later left the proceeds of the sale under a jar in Anderson's house because Anderson was gone when Smith returned with the money.

The owner of the O K Car-ral, Roy Wilcox, testified that five of his guns had been stolen, including a Smith and Wesson .44 chrome pistol and a RG .38 revolver which had never been returned. The investigating agent of the Bureau of Alcohol, Tobacco and Firearms (ATF), John Ford, testified that the .38 revolver was never recovered, and evidence was introduced to show that it had been manufactured outside of Arkansas.

We may reverse on insufficiency of the evidence only if no reasonable jury could find beyond a reasonable doubt that Anderson is guilty of the offense charged. United States v. Washington, 17

F.3d 230, 232 (8th Cir.), <u>cert. denied</u>, 115 S.Ct. 153 (1994). The verdict may be based in whole or in part on circumstantial evidence. <u>United States v. Ali</u>, 63 F.3d 710, 717 (8th Cir. 1995). In reviewing the evidence, we must draw all reasonable inferences in the government's favor and view it in the light most favorable to the prosecution. <u>Id.</u> The evidence need not exclude every reasonable hypothesis of innocence, and we may not disturb the conviction if the evidence rationally supports two conflicting hypotheses. <u>United States v. Johnson</u>, 18 F.3d 641, 645 (8th Cir. 1994).

To convict Anderson under 18 U.S.C. § 922(g)(1), the government had to show beyond a reasonable doubt that (1) he had been convicted of a felony; 2) he thereafter possessed a firearm; and (3) the firearm had traveled in or affected interstate commerce. <u>See</u> <u>U.S. v. Eldridge</u>, 984 F.2d 943, 946 (8th Cir. 1993). Possession may be either actual or constructive. <u>Id.</u> Constructive possession exists when a person has ownership, dominion, or actual control over the contraband. <u>Id.</u>

Anderson contends that the government failed to prove that he possessed a firearm. Although Justin and his friend testified that they stole the .38 revolver from a car lot and gave it to him, their story should be discounted he says because he was found not guilty on the other count about which the two boys testified. Anderson also argues that Brandon Smith cannot be believed because he is on parole and therefore motivated to please the authorities. Finally, Anderson points to his own testimony that he never possessed the .38 revolver and that of his wife and brother that they never saw him with a gun.

It is not our province on appeal to "reweigh the evidence or judge the credibility of witnesses when reviewing the sufficiency of the evidence." <u>United States v. Nururdin</u>, 8 F.3d 1187, 1194 (8th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 1328 (1994). It was for

3

the jury to resolve conflicting testimony and determine witness credibility.  See, e.g., United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995) (jury may credit testimony of person who had been arrested with the defendant and had allegedly smoked crack the night of the incident); United States v. Bruce, 704 F.2d 1048, 1049 (8th Cir. 1983) (jury's prerogative to credit testimony of police officer over that of two contrary witnesses); United States v. Williams, 897 F.2d 1430, 1432 (8th Cir. 1990) (affirming § 922(g)(1) conviction based on officer's testimony despite conflicting testimony from another officer).

Here, there was sufficient circumstantial evidence to show that Anderson had either actual or constructive possession of a firearm.  Three people testified that they saw Anderson with at least two firearms, a .38 revolver and a Smith and Wesson .44 chrome pistol.  Anderson's nephew and friend stated they gave him four stolen guns, including a .44 chrome pistol and a .38 revolver.  Anderson said he could sell the latter for $100.  Smith testified that Anderson gave him the .38 revolver at Anderson's house, told him it was "hot," and that he sold the gun and left the proceeds in Anderson's home.  Smith also stated that he saw a Smith and Wesson .44 pistol in Anderson's home.

As trier of fact, the jury had the best opportunity to observe the witnesses' facial expressions, attitudes, tone of voice, reactions to questions, and other behavior.  See Nururdin, 8 F.3d at 1194.  The jury decided to credit the prosecution testimony over that offered by the defendant, and we will not second-guess its decision.  The fact that Anderson was acquitted on another count about which two of the prosecution witnesses also testified does not impeach the guilty verdict.  The guns charged in that count were allegedly taken from another location several days later, and the totality of the evidence for Count II was different.  We may not speculate or inquire into why the jury chose to acquit Anderson on certain counts and convict him on another.  See U.S. v. Finch,

4

16 F.3d 228, 230-31 (8th Cir. 1994) (inconsistency of jury verdicts not basis for review or reversal of conviction).

Anderson also complains that the government never introduced the weapon that he was alleged to have possessed and there was no testimony by the car lot owner whose .38 revolver had been stolen as to its serial number or identifying marks.

Under § 922(g), the government was required to prove that Anderson possessed a "firearm" within the meaning of § 921(a)(3), not that he possessed the .38 revolver which was alleged in the indictment. See United States v. Jones, 16 F.3d 487, 490 (2nd Cir. 1994) (firearm under § 921(a)(3) includes "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive"); see also U.S. v. McIntosh, 23 F.3d 1454, 1456-57 (8th Cir.), cert. denied, 115 S.Ct. 333 (1994) (even though indictment alleged that defendant had a .357 revolver, proof that defendant carried any firearm was sufficient because the specific type of firearm was not an element of the offense).

Moreover, proof that a defendant possessed a firearm may be established solely by eyewitness testimony where the gun is not recovered or introduced at trial. See, e.g., Smith, 49 F.3d at 478 (testimony of one eyewitness adequately established unlawful possession of a firearm); Jones, 16 F.3d at 490 (although eyewitnesses were unfamiliar with the unrecovered gun and had not observed it at close range, their testimony was sufficient to support jury finding that object defendant displayed was a firearm for purposes of § 922(g)(1)); accord United States v. Buggs, 904 F.2d 1070, 1076 (7th Cir. 1990) ("fact that the gun was not produced at trial or that the witnesses did not have an opportunity to examine closely the weapon does not prevent conviction of a firearm offense").

5

Although the .38 revolver was not introduced at the trial in this case, there was considerable circumstantial evidence that Anderson possessed it. Three witnesses testified that they saw Anderson with a .38 revolver and also handled it themselves. Two witnesses stated that they gave Anderson a Smith and Wesson .44 chrome pistol and a .38 revolver they stole from a car lot. The car lot owner testified that both his .38 revolver and a Smith and Wesson .44 chrome pistol were stolen at the same time. Brandon Smith testified that he saw a .44 chrome pistol in Anderson's home.

Viewing the evidence in the light most favorable to the verdict and accepting all reasonable inferences tending to support it, we cannot say the government failed to prove beyond a reasonable doubt that Anderson unlawfully possessed a firearm in violation of § 922(g)(1). Anderson does not dispute his prior felony convictions or that the gun was transported in interstate commerce.

For these reasons the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.