United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-3244
_____

United States of America,          *
                                       *
                    Appellee,      *        Appeal from the United
                                   *        States District Court for
          v.                       *        the Southern District of
                                   *        Iowa.
Maurice Buford,                    *
                                   *
                    Appellant.     *

_____

Submitted: January 16, 1997

Filed: February 24, 1997
_____

Before, BOWMAN and MURPHY, Circuit Judges, and KYLE, District
Judge.[1]

KYLE, District Judge.

     A jury convicted Maurice Buford ("Buford") of possession of
cocaine base with the intent to distribute, in violation of 21
U.S.C. § 841(a)(1), and of knowingly and intentionally using a
firearm in relation to a drug trafficking offense, in violation
of 18 U.S.C. § 924(c)(1).[2]  The district court sentenced him to

_____

     [1]    The Honorable Richard H. Kyle, United States District
Judge for the District of Minnesota, sitting by designation.

     [2]    This conviction was subsequently vacated in light of the
Supreme Court's decision in Bailey v. United States, 116
S. Ct. 501 (1995).

ninety-seven months.[3]  Buford challenges both his conviction and his sentence.  We affirm.


## I.  Background


On November 17, 1994, officers from the Des Moines, Iowa police department and the Drug Enforcement Administration ("DEA") executed a search warrant on a Des Moines apartment.  When Officer Northrup ("Northrup") of the Des Moines Police Department was outside of the apartment building, he saw an arm come through the corner of a window screen and toss a clear plastic "baggie" onto a truck below.  Northrup saw the arm only from the elbow to the hand.  The baggie was later found to contain 12.47 grams of cocaine base.

Northrup went inside the apartment and determined that the baggie had been thrown from a bedroom window.  The officers found Buford in this room.  When Northrup entered the bedroom, he saw Buford, dressed only in a pair of shorts and no shirt, getting up off of a mattress on the floor.  Underneath this mattress, the Officers found 12.15 grams of cocaine base.  In addition, the Officers found a .45 caliber firearm within Buford's reach in the bedroom and approximately $1,400.00 in cash in the apartment.

When the police executed the search warrant, Lamont Walls

---

[3]     The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

("Walls") was also in the apartment. Northrup testified that Walls was wearing a white tee-shirt. Another Officer testified that Walls was wearing a long-sleeved, black sweater.

At trial, a confidential informant testified that she knew Buford fairly well from the neighborhood and that she had been asked to bail Buford out of jail after his arrest in this case. She testified that Buford told her, as she was taking him home after bailing him out of jail, that he had thrown the cocaine out of the apartment window. Buford also told her he believed no one would be able to identify him because only his arm was visible. The informant did not tell the police about this conversation until seven (7) weeks after it occurred.

The jury convicted Buford. At his sentencing hearing, the district court determined that both the baggie of cocaine and the cocaine found under the mattress were attributable to Buford, and it sentenced him to ninety-seven months.

## II. Discussion

On appeal, Buford advances two arguments. First, he challenges the sufficiency of the evidence upon which his conviction was based. Second, he contends that the district court erred in finding that both the baggie of cocaine and the cocaine found under the mattress were attributable to him for sentencing purposes.

### A. Sufficiency of the Evidence

This Court "may reverse on insufficiency of the evidence only if no reasonable jury could find beyond a reasonable doubt that [Buford] is guilty of the offense charged." United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996). In reviewing the sufficiency of the evidence on appeal, the Court "views the evidence in the light most favorable to the Government, resolving evidentiary conflicts in favor of the Government, and accepting all reasonable inferences drawn from the evidence that supports the jury's verdict." United States v. Bates, 77 F.3d 1101, 1104-05 (8th Cir.)(quoting United States v. Erdman, 953 F.2d 387, 389 (8th Cir. 1992)), cert. denied, 117 S. Ct. 215 (1996). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt." Id. at 1105 (quoting Erdman, 953 F.2d at 389).

To convict Buford of possessing cocaine with the intent to distribute, under 21 U.S.C. § 841(a), the Government had to show, beyond a reasonable doubt, that: (1) Buford was in possession of cocaine base; (2) Buford knew he was in possession of cocaine base; and (3) Buford intended to distribute some or all of the cocaine base. United States v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 1995). Possession may be either actual or constructive. See Anderson, 78 F.3d at 422; United States v. Kiser, 948 F.2d 418, 425 (8th Cir. 1991). "Constructive possession exists when a person has ownership, dominion, or actual control over the contraband." Anderson, 78 F.3d at 422.

Buford argues that the evidence at trial was insufficient to

support his conviction.  He addresses the evidence regarding each baggie of cocaine separately, and we will do the same.[4]

Buford contends there was insufficient evidence for the jury to conclude, beyond a reasonable doubt, that he possessed the baggie of cocaine thrown out of the apartment window.  He points out that no one identified whose bare arm actually threw the cocaine out the window.  Because two men were in the apartment when the police arrived and there was conflicting testimony about whether the other occupant wore long or short sleeves, Buford maintains that there is only a "fifty-fifty" chance that he threw the baggie out the window.  Finally, Buford asserts that we should give no weight to the confidential informant's testimony because she did not tell the police that Buford said he threw the cocaine out the window until seven weeks after their conversation occurred.

We believe there was sufficient evidence to support a jury's finding that Buford possessed this baggie of cocaine.  It is not the province of this Court to "reweigh evidence or judge the credibility of witnesses when reviewing the sufficiency of the evidence" on appeal. Anderson, 78 F.3d at 422.  Buford, however, asks this Court to engage in such a credibility determination by discounting the testimony of the confidential informant.  Buford's attorney had the opportunity to cross examine the

---

[4] Although the Court is addressing this issue with respect to each baggie of cocaine individually, the Government was not required to prove, beyond a reasonable doubt, that Buford possessed both baggies.

informant when she testified, yet the jury, apparently, found her believable. Not only did the informant testify that Buford told her he threw the baggie of cocaine out the window, but one officer also testified that Buford was the only person in the apartment with bare arms. Taking the evidence in the light most favorable to the Government, and resolving all evidentiary conflicts in favor of the Government, we find there is an interpretation of the evidence that would allow a reasonable-minded jury to conclude that Buford possessed the baggie of cocaine thrown out of the window. See Bates, 77 F.3d at 1104-05.

Buford also contends there was insufficient evidence to support the conclusion that he possessed the cocaine found under the mattress. The apartment, he points out, was registered in another person's name, and the police did not find any of his belongings there. Buford argues that he was "merely present" in the apartment when the police arrived.

We conclude there was sufficient evidence to support a jury's determination that Buford also possessed the cocaine under the mattress. When the police entered the apartment, Buford was wearing only a pair of shorts. He was getting up off of a mattress laying on the floor under which the police found cocaine. Based upon Buford's statement to the informant that he threw the baggie of cocaine out the window, his state of dress, and his location relative to the location of the cocaine, a jury could reasonably infer that Buford knew there was cocaine in the apartment and attempted to hide it. Thus, a jury could reasonably conclude, beyond a reasonable doubt, that Buford

possessed this cocaine.  See Bates, 77 F.3d 1104-05.

Finally, Buford claims that the quantity of the cocaine base, 24.62 grams, is not large enough to support a reasonable inference that he possessed the drugs with the intent to distribute.

We have held that drug quantity is not an essential element of the offense of possessing cocaine with the intent to distribute.  See United States v. Buchanan, 985 F.2d 1372, 1377 (8th Cir. 1993).  The Government does not have to establish that the defendant possessed a certain quantity of cocaine in order to prove that the defendant possessed the cocaine with the intent to distribute.  See id.; United States v. Luster, 896 F.2d 1122, 1126 (8th Cir. 1990).  Buford's contention that he possessed too small a quantity of cocaine to maintain his conviction is not supported by the law.[5]  Moreover, intent to distribute a

---

[5]  Buford cites United States v. Munoz, 957 F.2d 171, 174 (5th Cir. 1992), to support his contention that the quantity of cocaine base in his case, 24.62 grams, is too small to create a reasonable  inference that he possessed the cocaine with the intent to distribute.  That case, however, does not support his argument.  In Munoz, the Fifth Circuit stated that "proof of intent to distribute does not require the presence of a certain minimum quantity of controlled substance."  957 F.2d at 174. Proof of such intent may be inferred from "the presence of distribution paraphernalia, large quantities of cash, or the value and quality of the substance."  Id.
In Munoz, the Fifth Circuit upheld the conviction of the defendant who was found with 10.5 grams of cocaine, $1,000.00 in cash, and a piece of notebook paper with numbers listed on it. In the instant case, Buford was found with more cocaine (24.62 grams), more cash ($1,400.00), and a gun within his reach.  Thus, Munoz, is inapposite.

controlled substance may be established by direct or circumstantial evidence. See Buchanan, 985 F.2d at 1377. In the instant case, in addition to the cocaine, the police found a gun within Buford's reach and $1400.00 in cash in the apartment. The presence of the cash, the gun, and the quantity of drugs allow a reasonable jury to conclude, beyond a reasonable doubt, that Buford possessed the cocaine with the intent to distribute it, and not merely for personal use. See Anderson, 78 F.3d at 422.

We find there was sufficient evidence to support Buford's conviction for possessing cocaine with the intent to distribute. We, therefore, affirm his conviction.

## III.  Sentencing Determination

Buford argues that the district court erred by attributing the cocaine that was thrown out the window to him in determining his sentence.

While the Government must prove all the essential elements of an offense beyond a reasonable doubt, once a conviction has been legally obtained, the Government need only prove the facts bearing on the sentence by a preponderance of the evidence. See United States v. Sales, 25 F.3d 709, 711 (8th Cir. 1994) (citations omitted). This Circuit has "repeatedly held that a quantity of drugs involved in a conspiracy is not an essential element of the offense," and thus, the Government need not prove

quantity beyond a reasonable doubt.  See id.

We review a district court's determination of a drug quantity under the "clearly erroneous standard."  See id. (citing United States v. Bieri, 21 F.3d 819, 824 (8th Cir.)), cert. denied, 115 S. Ct. 208 (1994).  Defendants making such challenges "face an uphill battle on appeal because we will reverse a determination of drug quantity only if the entire record definitely and firmly convinces us that a mistake has been made." Id. (citing Anderson v. City of Bessemer, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).

In light of our previous determination that it was not unreasonable for the jury to conclude that Buford possessed this baggie of cocaine, we also find that the district court's determination of the quantity of drugs for sentencing was not clearly erroneous.  The district court based this determination upon the testimony of the confidential informant and the police officers who executed the search warrant.  Once again, Buford asks this Court to determine the credibility of witnesses and resolve conflicting testimony.  This however, is the province of the district court as the fact finder on this issue, and we will not reweigh the evidence and determine the credibility of witnesses on appeal.  See Anderson, 78 F.3d at 422-23.  The entire record overwhelmingly supports the district court's determination; we are not convinced, much less definitely and firmly convinced, that a mistake has been made.  See Sales, 25 F.3d at 711. Accordingly, we affirm both the conviction and the sentence.

A true copy.

Attest:

       Clerk, U.S. Court of Appeals, Eighth Circuit.