United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-50967

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH DIJON BAKER and
MICHAEL HOLMES,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-579

Before REAVLEY, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kenneth Baker and Michael Holmes appeal their convictions of conspiracy to possess and distribute cocaine base. Baker appeals a second conviction of possession of cocaine base with intent to distribute. Appellants argue that there is insufficient evidence to support their convictions. Additionally, Appellants appeal the district court's application of the Sentencing Guidelines. Baker argues that the district court clearly erred by refusing to apply

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a two-level downward adjustment for "acceptance of responsibility" and by applying a two-level upward adjustment for "possession of a weapon."  Holmes argues that the judge clearly erred by refusing to apply a two-level downward adjustment for playing a "minor role" in the crime.  For the following reasons, we AFFIRM.

I

"In reviewing an appeal based on insufficient evidence, the standard is whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt."[1]  This court reviews the evidence in the light most favorable to the verdict.[2]  We do not ask "whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit."[3]

II

There was sufficient evidence for the jury to convict the appellants of all charges.  The direct evidence, combined with the circumstantial evidence, supports each conviction.

A

To convict Baker of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and §

---

[1] *United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir.), *cert. denied*, 514 U.S. 1134 (1995).

[2] *Id.* at 923.

[3] *Herrera v. Collins*, 506 U.S. 390, 402 (1993).

2

841(b)(1)(B)(iii), the government had to prove that the defendant (1) knowingly, (2) possessed the cocaine, (3) with the intent to distribute.[4]  Possession can be actual or constructive.[5]  Constructive possession may be shown by "ownership, dominion or control over the contraband, or over the vehicle in which the contraband was concealed."[6]  The offense may be proven by direct or circumstantial evidence.[7]  One's intent to distribute may be shown by the possession of a large quantity of the drugs.[8]  Although possession of a small amount of drugs does not raise an inference of an intent to distribute,[9] "[s]uch a quantity of a controlled substance ... is sufficient when augmented by ... 'large quantities of cash.'"[10]  A jury found him guilty.

Baker possessed 6.71 grams of crack cocaine in his car.  Baker possessed 7.09 grams of crack cocaine in his bedroom.  When asked

---

[4] *United States v. Diaz-Carreon*, 915 F.2d 951, 953 (5th Cir. 1990).

[5] *United States v. Skipper*, 74 F.3d 608, 611 (5th Cir. 1996).

[6] *Id.*

[7] *Id.* at 611.

[8] *United States v. Kates*, 174 F.3d 580, 582-83 (5th Cir. 1999) (finding that possession of 19.67 grams of cocaine, divided into many small rocks, evidenced intent to distribute); *United States v. Mather*, 465 F.2d 1035, 1038 (5th Cir. 1972) (possession of 198 grams established a prima facie case of intent to distribute).

[9] *Turner v. United States*, 396 U.S. 398, 423-35 (1970).

[10] *Skipper*, 74 F.3d at 611 (quoting *United States v. Munoz*, 957 F.2d 171, 174 (5th Cir.), *cert. denied*, 506 U.S. 919 (1992)).

3

if he had any other drugs, he stated, "That's all I have left." Control and ownership of the vehicle in which the cocaine was hidden is sufficient to show knowing possession.[11] Baker's total amount of crack cocaine was 13.80 grams. The testifying officer opined that this amount was not for personal use and that the size of the rocks was consistent with distribution. The possession of this amount, combined with the large amount of cash found on Baker, allows a reasonable jury to find an intent to distribute.[12] Furthermore, the police found a scale in Baker's room, which is a device for distribution, not use. There was a hole in Holmes's window large enough for one to pass drugs through. Several people were seen approaching and leaving the house in short periods of time. Two loaded guns were found in Baker's car. The direct evidence, when coupled with the large amount of circumstantial evidence, is sufficient to support the verdict.

B

There was sufficient evidence to convict Baker and Holmes with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(iii), and § 846. As discussed in Part A, the evidence is sufficient to support Baker's conviction of possession with intent to distribute. The question of conspiracy

---

[11] *Id*. at 611.

[12] *Id*. at 611 (quoting *United States v. Munoz*, 957 F.2d 171, 174 (5th Cir.), *cert. denied*, 506 U.S. 919 (1992)).

4

is whether Baker had any agreement with Holmes to possess the drugs with the intent to distribute.

To prove a conspiracy, the government had to prove beyond a reasonable doubt (1) the existence of an agreement to possess the crack cocaine with the intent to distribute, (2) knowledge of the agreement, and (3) voluntary participation in the agreement.[13] The "agreement may be shown by circumstantial evidence such as the conduct of the alleged participants or evidence of a scheme."[14] Likewise, a defendant's knowledge and participation may be inferred from the circumstances.[15]

> It must be said ... that participation in a criminal conspiracy need not be proved by direct evidence; a common purpose and plan may be inferred from a "development and a collocation of circumstances."[16]

Otherwise lawful acts may become unlawful when they as a whole constitute a criminal conspiracy. The law allows these inferences when dealing with conspiracies because "secrecy is the norm in an illicit conspiracy."[17]

The contents of Baker's car and bedroom - cocaine, guns, and a scale - coupled with the contents of Holmes's bedroom could allow

---

[13] *United States v. Polk*, 56 F.3d 613, 619 (5th Cir. 1995).

[14] *United States v. Garcia*, 917 F.2d 1370, 1376 (5th Cir. 1990).

[15] *Id.*

[16] *United States v. Malatesta*, 590 F.2d 1379, 1381 (5th Cir. 1979) (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)).

[17] *United States v. Greenwood*, 974 F.2d 1449, 1457 (5th Cir. 1992).

a reasonable jury to find a conspiracy to distribute. Crack cocaine was in both Baker's and Holmes's bedrooms. Next to the bag of crack in Holmes's dresser was his military identification card and his credit card. The crack cocaine was packaged in bags similar to those found in Baker's possession. The testifying officer opined that the bags came from the same source. The screen on Holmes's window was torn. The floor in Holmes's room was messy, but the area around the window was clear. The police witnessed various people approach the home in a short amount of time and then leave immediately. The police found no drug paraphernalia, which would imply recreational use as opposed to distribution.

The government points to further circumstantial evidence to support the conviction. It notes that (1) the drugs were in the center console of the car and were accessible by both men; (2) the second gun was unexplained, so a reasonable juror could conclude that it belonged to Holmes; (3) the Lexus did not drive erratically during the one-half mile refusal to pull over, which could lead one to conclude that Holmes, the passenger, must have helped hide the drugs and guns; and (4) the key to the glove compartment was found under Holmes's headrest, not Baker's.

The jury heard Holmes's and Baker's explanation of each of these circumstances, it judged their credibility, and convicted both of them. Credibility determinations and inferences are for the jury to conclude, and not for the appellate court to second-

6

guess.[18]  The direct evidence and the accumulation of circumstantial evidence could lead a rational jury to convict.

III

The district court did not clearly err in any of its conclusions affecting the Sentencing Guidelines.  It found that Baker did not accept responsibility, that Baker possessed a weapon while in possession of cocaine, and that Holmes did not play a minor role.  We review these findings for clear error.[19]

A

The standard of review is extremely deferential when reviewing a court's finding regarding "acceptance of responsibility" under § 3E1.1.  "Because trial courts are in a unique position to evaluate whether the defendant has demonstrated acceptance of responsibility, a district court's finding on acceptance of responsibility is examined for clear error but under a standard of review even more deferential than a pure 'clearly erroneous' standard."[20]  It is the defendant's burden to show the adjustment's applicability.

---

[18] *United States v. Resio-Trejo*, 45 F.3d 907, 910 (5th Cir. 1995).

[19] *United States v. Henderson*, 254 F.3d 543, 543 (5th Cir. 2001).

[20] *United States v. Cano-Guel*, 167 F.3d 900, 906 (5th Cir. 1999) (internal quotation and citation omitted).

7

Section 3E1.1 applies "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."[21]  However, it "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."[22]  The comment provides a rare exception to this general rule when a criminal defendant accepts responsibility for the conduct but continues to trial nonetheless to preserve issues for appeal.[23]

Baker put the government to its proof, so the adjustment is not intended to apply unless Baker shows his case to be one of the rare exceptions mentioned in the commentary.  His case does not qualify.  The exception applies to those who accept responsibility but continue to trial only to preserve issues for appeal that do not relate to his factual guilt. Baker did not accept responsibility and did not go to trial for issues other than his factual guilt.  Accordingly, the district court did not clearly err by refusing to apply the two-level downward adjustment.

B

The court did not clearly err by applying a two-level upward adjustment to Baker's sentence for possessing a dangerous weapon

---

[21] U.S. SENTENCING GUIDELINES MANUAL § 3E1.1.

[22] *Id.*, cmt. 2.

[23] *Id.*

while in possession of the cocaine pursuant to § 2D1.1(b)(1) of the Sentencing Guidelines. A two-level upward adjustment is appropriate when a defendant possessed a dangerous weapon while possessing or trafficking drugs.[24] A judge's finding that a defendant possessed a dangerous weapon under § 2D1.1(b)(1) is a factual finding reviewed for clear error.[25] The government bears the burden of proof to show a temporal and spatial relation between the weapon, the drug trafficking, and the defendant.[26] This burden is met if the government shows the gun to be in the same location as the drugs.[27] "The adjustment should be applied if the weapon was present, unless it is **clearly improbable** that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet."[28]

The government met its burden in this case by showing that (1) Baker possessed cocaine in his car with intent to distribute, and (2) Baker possessed two guns in the same car. The spatial and temporal relation requirement is met by the fact that the gun and

---

[24] *Id*. at § 2D1.1(b)(1).

[25] *Id.*

[26] *United States v. Vasquez*, 161 F.3d 909, 912 (5th Cir. 1998).

[27] *United States v. Cooper*, 274 F.3d 230, 245 (5th Cir. 2001); *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir. 1993).

[28] U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1), cmt. 3 (emphasis added).

drugs were both located in the car.[29]  Based on the close proximity of the drugs and the guns, the decision to apply the two-level increase was not clear error.

C

The district court did not clearly err by denying Holmes a two-level downward adjustment for playing a minor role in the offense.  Section 3B1.2(b) of the Sentencing Guidelines allows a two-level decrease if "the defendant was a minor participant in any criminal activity."  A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal."[30]  The district court's determination is factual and reviewed for clear error:

> The determination whether to apply [§ 3B1.2(b)], or an intermediate adjustment, involves a determination that is heavily dependent upon the facts of the particular case. As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted.[31]

Usually, courts find criminal participants similarly culpable, and therefore, this adjustment is applied infrequently.[32]  The defendant

---

[29] *United States v. Cooper*, 274 F.3d 230, 245 (5th Cir. 2001); *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir. 1993).

[30] *Id*. at § 3B1.2(b), cmt. 5.

[31] *Id*., cmt. 3(C).

[32] *United States v. Tremelling*, 43 F.3d 148, 153 (5th Cir. 1995).

10

must bear the burden of showing that he is "substantially less culpable."[33]

Holmes argues that he was a mere passenger in a drug dealer's car, and a mere houseguest in a drug dealer's house. Further, he notes that the police found no money on him and that they did not find a scale in his room. Finally, Holmes argues that the government itself viewed Holmes as a minor participant by stating in its closing argument that "a person can play a minor role in a conspiracy and still be guilty."

The court heard these arguments but concluded that Holmes was not a "minor participant" within the meaning of § 3B1.2. Considering (1) Holmes was in a car containing crack cocaine and two loaded handguns, (2) Holmes's bedroom contained crack cocaine and an open screen, (3) Baker's bedroom contained crack cocaine and a scale, (4) multiple people were seen approaching the house and then immediately leaving within a short period of time, and (5) the key to the glove box containing the loaded handguns was found under Holmes's headrest, the district court did not clearly err.

IV

For the reasons above, we AFFIRM.

---

[33] *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001).