IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-50837
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALLAN SCOTT FISHER, also known as Alan Scott Fisher

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-166-ALL

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Allan Scott Fisher appeals his jury conviction and sentence for possession with intent to distribute at least five grams of cocaine base. He argues that his sentence is unreasonable in view of the United States Sentencing Commission's retroactive amendment of U.S.S.G. § 2D1.1 reducing the base offense level for cocaine base by two levels.

Because Fisher did not challenge the reasonableness of his sentence or argue that the then-pending Amendment 706 should be applied to his case in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court, review is limited to plain error.  United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008).  Under the plain error standard of review, "reversal is not required unless there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

Fisher has not shown that his sentence was procedurally or substantively unreasonable.  He has not argued or shown that the district court erred in calculating his guidelines sentencing range at the time of his original sentencing.  With a based offense level of 38 and a criminal history category of VI, the applicable guidelines range was 360 months to life imprisonment.  U.S.S.G., Ch. 5, Pt. A.  His sentence of 360 months was at the low end of the guidelines range and is entitled to a presumption of reasonableness.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  Fisher has not argued or shown that the district court failed to consider any specific 18 U.S.C. § 3553(a) factors or that the district court failed to give adequate reasons for the sentence imposed.  Fisher has not shown that his sentence is unreasonable.  See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005).

Fisher was sentenced on June 27, 2007, before Amendment 706 became effective on November 1, 2007.  U.S.S.G., App. C, amend. 706, at 226-31 (Supp. Nov. 1, 2007).  In December 2007, the Sentencing Commission determined that the amendment would apply retroactively effective March 3, 2008, so that defendants who were sentenced prior to the effective date of the amendment may seek a reduced sentence pursuant to 18 U.S.C. § 3582(c).  See U.S.S.G. App. C, amend. 713, at 56 (Supp. Mar. 3, 2008).  If Fisher wishes to seek a sentence reduction based on the amendment, such relief should be pursued in the district court in the first instance pursuant to § 3582(c)(2).  See U.S.S.G. § 1B1.10.  We express no opinion on the viability of such relief as it pertains to Fisher.

Fisher argues that the district court erred in refusing to give a jury instruction concerning the lesser included offense of simple possession. The evidence established that Fisher was involved in manufacturing and distributing cocaine base. When arrested, Fisher turned over 4.84 grams of cocaine base he had concealed in his rectum; officers also found $700 in cash on his person. In a search of his car, officers also found a plastic bag full of marijuana; however, they did not find any paraphernalia for smoking cocaine base. A search of a trailer house that Fisher used as a stash house yielded a safe which contained 45.23 grams of cocaine base, valued at $3400 to $4000. Keys taken from Fisher at the time of his arrest fit the lock of a safe found at the trailer. Thus, Fisher possessed a distributable amount of cocaine base, approximately 50 grams, as well as $700 in cash. See United States v. Munoz, 957 F.2d 171, 174 (5th Cir. 1992). The Government also presented evidence that Fisher purchased at least ten kilograms of powder cocaine for $15,000 each and that he manufactured cocaine base. Cocaine base residue was found in the trailer's microwave oven, as well as a Pyrex measuring cup and baking soda, items used to manufacture cocaine base. In view of the amount of cocaine base involved in the offense and Fisher's possession of a large amount of cash, Fisher has not shown that the district court abused its discretion in refusing to give a jury instruction on the lesser included offense of simple possession. See United States v. Finley, 477 F.3d 250, 256 (5th Cir. 2007).

AFFIRMED.