# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40327
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSBALDO NAVARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-989-1

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Osbaldo Navarro appeals his sentence upon the revocation of his term of supervised release imposed following his conviction for conspiring to transport aliens and two counts of transporting aliens. The only question in dispute by both parties on appeal is whether the district court erred in finding that Navarro committed a "Grade A" violation by possessing controlled substances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with the intent to distribute them.  *See* U.S.S.G. § 7B1.1(a)(1), comment. (n.3); U.S.S.G. § 4B1.2(b).

Navarro concedes that, in the absence of an objection in the district court, plain error review applies.  *See United States v. Davis*, 602 F.3d 643, 646-47 (5th Cir. 2010).  A district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release.  *See* 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005).  When the sufficiency of the evidence in a revocation hearing is challenged on appeal, this court must "view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government."  *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (internal quotation marks and citation omitted).  The evidence is sufficient if a reasonable trier of fact could have reached the district court's conclusion.  *Id.*

Law enforcement officers received a tip from a reliable confidential informant that Navarro would be delivering narcotics.  As a result of this tip, Navarro was found in possession of a total of about 8 grams of cocaine and about 4 grams of heroin, several cell phones, and approximately $612 in cash.  Based upon the quantity of controlled substances, combined with the presence of a large quantity of cash and the confidential informant tip, it is reasonable to infer that, more likely than not, Navarro possessed the drugs with the intent to distribute.  *See United States v. Munoz*, 957 F.2d 171, 174 (5th Cir. 1992); *Alaniz-Alaniz*, 38 F.3d at 792.  Thus, considering the evidence in the light most favorable to the government, there is sufficient evidence for a reasonable trier of fact to have found by a preponderance of the evidence that Navarro's conduct amounted to a Grade A violation.  *Alaniz-Alaniz*, 38 F.3d at 792.  As such, the

district court did not err in applying the Grade A violation policy statement sentencing range. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court's judgment is AFFIRMED.