# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2020

Lyle W. Cayce
Clerk

No. 19-10737
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANNY CARL REAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-299-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Danny Carl Reavis, federal prisoner # 57926-177, was convicted by a jury of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and punishable under § 841(b)(1)(A), and sentenced below the guidelines range to 240 months of imprisonment and a five-year term of supervised release.  On appeal, Reavis contends that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10737

evidence was insufficient for conviction because the Government did not demonstrate that he intended to distribute methamphetamine.

"We review the district court's denial of a motion for judgment of acquittal *de novo*." *United States v. Klein*, 543 F.3d 206, 212 (5th Cir. 2008) (internal quotation marks and citation omitted). "[R]eview for sufficiency of the evidence following a conviction is narrow," and "[w]e will affirm if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *Id*. (internal quotation marks and citation omitted). "[T]he evidence, all reasonable inferences drawn therefrom, and all credibility determinations" are considered "in the light most favorable to the prosecution." *Id*. (internal quotation marks and citation omitted). Relevant here, possession with intent to distribute methamphetamine is established where a defendant knowingly possessed methamphetamine with the intent to distribute it. *See United States v. Vinagre-Hernandez*, 925 F.3d 761, 764 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 897 (2020).

"[A] rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *Klein*, 543 F.3d at 212 (internal quotation marks and citation omitted). The amount of methamphetamine discovered on Reavis's property is significant evidence of distribution. Approximately half a pound of methamphetamine, or 225 grams, was found on Reavis's property, but he told law enforcement that he personally used only one gram per week and re-upped his supply every few weeks. Trial testimony indicated that a user quantity of methamphetamine would be less than seven grams. The amount of methamphetamine found on Reavis's property was therefore far in excess of his stated and the typical personal use, and "mere possession of a quantity of drugs inconsistent with personal use will

2

suffice for the jury to find intent to distribute." *United States v. Mays*, 466 F.3d 335, 341 (5th Cir. 2006). In addition to the methamphetamine, which had a high degree of purity, distribution paraphernalia—packaging material, drug ledgers, and multiple digital scales—and more than $9,000 was found on Reavis's property. "Proof of intent to distribute may be inferred from the presence of distribution paraphernalia, large quantities of cash, or the value and quality of the substance." *United States v. Munoz*, 957 F.2d 171, 174 (5th Cir. 1992); *see also United States v. Williamson*, 533 F.3d 269, 278 (5th Cir. 2008) (stating that intent can be inferred from, among other factors, the presence of distribution paraphernalia like digital scales).

Trial testimony regarding law enforcement's observations of Reavis's home, the ensuing traffic stops, and Reavis's text messages also support conviction. Approximately 10 cars per night, over a period of four months, came to Reavis's residence during nighttime hours. During these visits, Reavis would meet with individuals, walk to a shed on the property where he would remain for approximately five to 10 minutes, and then return to the residence. Three bags of more than 50 grams of methamphetamine each and a large amount of currency were found in the shed. Two traffic stops of drivers after leaving Reavis's house yielded methamphetamine. One of the stops found one gram of methamphetamine in the possession of a woman named Racheal Turner, whom law enforcement believed had previously texted Reavis about obtaining methamphetamine. Text messages on Reavis's cell phone contained evidence of at least two conversations on the day of the search about drug transactions, including the aforementioned conversation with Racheal. Reavis's arguments to the contrary are unpersuasive.

AFFIRMED.