# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-30409
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Morgan Lyons,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CR-283-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Morgan Lyons was convicted by a jury of possession with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of cocaine and two counts of possession of a firearm following conviction of a felony offense. He challenges the district court's denial of his initial and amended motions to suppress evidence obtained

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

during the search of a mobile home and the sufficiency of the evidence supporting his convictions. We do not consider his inadequately briefed challenge to the district court's denial of his request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

When reviewing a denial of a motion to suppress evidence, "we review questions of law de novo and factual findings for clear error." *United States v. Gentry*, 941 F.3d 767, 779 (5th Cir. 2019) (internal quotation marks and citation omitted). In addition to deferring to the district court's factual findings, we must view the evidence in the light most favorable to the prevailing party, in this case, the Government. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *modified on other grounds on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). The district court's decision may be upheld "on any basis established by the record." *Pack*, 612 F.3d at 347. The relevant record on appeal includes "evidence admitted at [a] suppression hearing and at trial." *United States v. Zavala*, 541 F.3d 562, 568 (5th Cir. 2008).

We engage in a two-step inquiry when reviewing the denial of a defendant's motion to suppress involving a search warrant. *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010). In most cases, we initially decide whether the good faith exception to the exclusionary rule applies; if the good faith exception applies, we can affirm the denial of the motion to suppress without further inquiry. *Id.* The initial burden is on the defendant to show that the good faith exception does not apply. *United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017); *see also United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002). If the good faith exception is inapplicable, we proceed to the second step and review whether the issuing judge had a substantial basis for determining that probable cause existed for the search. *Cavazos*, 288 F.3d at 709.

The good faith exception to the exclusionary rule provides that "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant" typically should not be excluded. *United States v. Leon*, 468 U.S. 897, 922 (1984). The standard is objective, not subjective. *See id.* "Issuance of a warrant by a magistrate normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant." *United States v. Shugart*, 117 F.3d 838, 843-44 (5th Cir. 1997) (internal quotation marks and citation omitted).

Lyons's motions to suppress challenged the search of the mobile home pursuant to an anticipatory search warrant. *See United States v. Grubbs*, 547 U.S. 90, 94 (2006). An anticipatory warrant may issue upon a showing that (1) "there is a fair probability that contraband or evidence of a crime will be found in a particular place," and (2) "there is probable cause to believe the triggering condition *will occur*." *Id*. at 96-97. "The supporting affidavit must provide the magistrate with sufficient information to evaluate both aspects of the probable-cause determination." *Id*. at 97.

Notwithstanding Lyons's arguments to the contrary, based on the information in the search warrant affidavit, an objectively reasonable officer would have likely concluded that the marijuana would be delivered to the mobile home as the result of a prearranged controlled delivery and surveillance would confirm that the marijuana would be found there prior to execution of the warrant. *See Grubbs*, 547 U.S. at 96-97. Because the executing officers did not execute the warrant until they confirmed that Lyons had not removed the marijuana from the mobile home, an objectively reasonable officer could also conclude that the triggering condition had been satisfied prior to the search. *See id.* In light of the foregoing, and because Lyons failed to establish that the affiant officer intentionally or recklessly misled the issuing judge, *see United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980), the district court did not err in concluding that Lyons failed to

establish that the good faith exception did not apply, *see Leon*, 468 U.S. at 922.

To preserve a challenge to the sufficiency of the evidence, a defendant must move for a judgment of acquittal at the close of the Government's evidence and the close of all evidence if the defendant presents evidence. *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018). "We review claims preserved through a [Federal Rule of Criminal Procedure] 29 motion de novo, but with substantial deference to the jury verdict." *Id.* (internal quotation marks and citation omitted). Under this standard, we must determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Lyons asks us to apply the *Jackson* standard to his insufficiency claims even though he failed to preserve them. "[O]ne panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). Accordingly, we review his claims for plain error. *See United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022); *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017).

To successfully challenge the sufficiency of the evidence on plain error review, a defendant must show that "the record is *devoid of evidence* pointing to guilt or that the evidence is so tenuous that a conviction is shocking." *Cabello*, 33 F.4th at 288 (internal quotation marks, citation, and brackets omitted). Stated differently, relief is appropriate under this standard only if the Government's evidence is "*obviously* insufficient and the defendant shows a manifest miscarriage of justice." *Suarez*, 879 F.3d at 631

(internal quotation marks and citations omitted); *see also United States v. Delgado*, 672 F.3d 320, 328-31 (5th Cir. 2012) (en banc).  As with preserved challenges, we view the evidence in the light most favorable to the verdict and draw all reasonable inferences from the evidence to support the verdict. *Suarez*, 879 F.3d at 631.

Possession with intent to distribute has three elements: (1) knowingly (2) possessing a controlled substance (3) with intent to distribute.  *United States v. Williamson*, 533 F.3d 269, 277 (5th Cir. 2008).  Possession can be actual or constructive and sole or joint.  *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012).  Constructive possession may be demonstrated by showing the defendant's dominion over the place where the contraband is located.  *See id*.  "Proof of intent to distribute may be inferred from the presence of distribution paraphernalia, large quantities of cash, or the value and quality of the substance."  *United States v. Munoz*, 957 F.2d 171, 174 (5th Cir. 1992); *see also United States v. Anguiano*, 27 F.4th 1070, 1073 (5th Cir. 2022).

Here, the mobile home contained evidence that Lyons utilized it for storage and likely resided there on a regular basis, including a traffic ticket that had been recently issued to Lyons, a bill addressed to Lyons for cable television and internet service at the mobile home, tax documents sent to Lyons at the mobile home, and identification and credit/debit cards in Lyons's name.  In addition, the user's manual for the safe that contained large quantities of cocaine and $30,200 in cash was found among Lyons's papers.  Such evidence supports an inference of constructive possession. *United States v. Onick*, 889 F.2d 1425, 1430 (5th Cir. 1989).  Further, the quantity of cocaine, amount of bundled cash, two firearms, and presence of various paraphernalia used to package and traffic drugs, including scales and a drug ledger were consistent with trafficking.  *See Anguiano*, 27 F.4th at 1073; *United States v. Sharp*, 6 F.4th 573, 579 (5th Cir. 2021), *cert. denied*, 142 S. Ct.

1124 (2022).  Thus, the jury's verdict is supported by some evidence of Lyons's knowing possession of the cocaine found in the mobile home and the intent to distribute it, and the jury's guilty verdict does not amount to a manifest miscarriage of justice.  *See Cabello*, 33 F.4th at 288; *Suarez*, 879 F.3d at 631.

Although Lyons argues that the record contained no evidence that he knowingly possessed the firearms found in the mobile home, the evidence also was sufficient to support Lyons's firearms convictions on plain error review.  *See Cabello*, 33 F.4th at 288; *Meza*, 701 F.3d at 419-20.  Significantly, the firearms were found in the chest of drawers and under the bed of an occupied bedroom; a recent traffic ticket issued to Lyons and a bill for cable and internet services at the mobile home addressed to Lyons were found on top of the chest of drawers; and the rifle was found under the bed next to the backpack containing marijuana that the confidential informant sold to Lyons during the controlled delivery.  Finally, the jury heard an audio recording of a man identified as Lyons tell the person whom he had called that he was "locked and loaded every night and had unlimited bullets."  Accordingly, "there was some evidence supporting at least a plausible inference that [Lyons] had knowledge of and access to" the firearms.  *Meza*, 701 F.3d at 420.

The judgment of the district court is AFFIRMED.