# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2377

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Anthony J. Thompson, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: March 11, 2002

Filed: April 9, 2002

_____

Before HANSEN, Chief Judge, BEAM and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

The government appeals from the district court's grant of a motion for judgment of acquittal and the district court's decision to depart downward at sentencing. We reverse the district court's order granting judgment of acquittal, vacate the sentence and remand for resentencing.

I.

On October 22, 1999, St. Louis police were alerted by a New Mexico Drug Enforcement agent that a person attempting to buy a ticket on Amtrak's Chicago to

Los Angeles route, which goes through St. Louis, was a suspected drug courier. On the same date an Amtrak ticket agent contacted his supervisor about a man who booked a reservation from Chicago to Los Angeles and then changed the reservation to go from St. Louis to Los Angeles. The reservation was booked under the name of Sam Potts and then changed to M. Marks and finally to S. Windom. The person making the reservation submitted five different credit card numbers and ZIP Codes but only the last card matched the ZIP Code on the account. Amtrak police determined the credit card was invalid and notified local police.

St. Louis police staked out the Amtrak station in St. Louis and on October 23, 1999, Anthony J. Thompson came to claim the ticket. When Thompson could not produce the identification requested by the ticket agent before releasing the ticket he left the station and drove off in his car. The police followed Thompson and stopped his vehicle. According to police, Thompson appeared nervous when stopped and told them he was being paid $13,000 to drive the car from one location to another, and he suspected it might contain drugs.

The car was rented in Missouri under the name of a Florida judge. A search of the vehicle turned up receipts from a Florida hotel containing credit card information for several hotel guests, including the judge. Police also discovered 21.49 grams of cocaine base. Further investigation revealed the judge had not authorized the use of his credit card for the car rental.

Thompson was indicted for possession of more than fifteen unauthorized credit access devices with intent to defraud in violation of 18 U.S.C. § 1029(a)(3) (Count I). A superceding indictment was returned adding a count of possession with intent to distribute five grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count II). Thompson was tried and convicted of both counts.

Following his conviction, Thompson filed a motion for judgment of acquittal, or in the alternative, for a new trial. The district court granted Thompson's motion for judgment of acquittal with respect to Count II on the element of intent to distribute and entered a verdict of guilty to simple possession of cocaine base in violation of 21 U.S.C. § 844(a). At sentencing, the district court noted that U.S.S.G. § 2D2.1(b)(1) requires a defendant convicted of possessing more than 5 grams of cocaine base to be sentenced as if convicted of possession of cocaine base with intent to distribute. The district court determined Thompson's guideline sentencing range was from 168 to 210 months under § 2D2.1(b)(1). Nevertheless, the district court departed downward and sentenced Thompson to 120 months imprisonment, stating it was "inappropriate to sentence simple possession of cocaine base as if it were a possession with intent to distribute charge." On appeal, the government challenges the district court's judgment of acquittal and the decision to depart downward.

## II.

In moving for acquittal, Thompson argued the evidence was insufficient to convict him of possession *with intent to distribute*. He contended the only evidence of an intent to distribute was the quantity of drugs found, and the 21.49 grams of crack cocaine were insufficient standing alone to support the conviction. The district court agreed and found Thompson guilty of simple possession. We disagree.

When "considering a motion for a judgment of acquittal, a district court has very limited latitude." United States v. Robbins, 21 F.3d 297, 298-99 (8th Cir. 1994) (citations and internal quotations omitted). The district court does not "weigh the evidence or assess the credibility of the witnesses." Id. at 299. Instead, the district court "views the evidence in the light most favorable to the Government, resolving evidentiary conflicts in favor of the Government, and accepting all reasonable inferences drawn from the evidence that supports the jury's verdict." United States v. Bates, 77 F.3d 1101, 1104-05 (8th Cir. 1996) (quoting United States v. Erdman,

953 F.2d 387, 389 (8th Cir. 1992)). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt." Id. at 1105 (quoting Erdman, 953 F.2d at 389). We apply the same standard on appeal. Robbins, 21 F.3d at 299.

To convict Thompson of possessing cocaine base with the intent to distribute it, the government had to show beyond a reasonable doubt that Thompson (1) was in possession of cocaine base, (2) knew he was in possession of cocaine base, and (3) intended to distribute some or all of the cocaine base. United States v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 1995). Only the third element is at issue in this case. Thompson asserts the government failed to introduce any evidence of his intent to distribute cocaine base aside from the quantity of drugs. And, he claims the quantity of cocaine base found (21.49 grams) was insufficient to support a reasonable inference of intent to distribute.

Intent to distribute a controlled substance may be established by direct or circumstantial evidence. See United States v. Buchanan, 985 F.2d 1372, 1377 (8th Cir. 1993). Here, the government presented sufficient circumstantial evidence from which the jury could conclude Thompson intended to distribute some of the cocaine base. The evidence showed Thompson purchased an Amtrak ticket using stolen credit card information. He changed the city of departure from Chicago to St. Louis, and used three different names to book the reservation. Likewise, the car Thompson was driving had been rented under another person's name using stolen credit card information. When stopped, Thompson was nervous and told police he was being paid $13,000 to drive the car from one location to another, and he suspected he was being used to transport drugs. Even after his arrest, Thompson persisted in attempts to conceal his identity. A jury could reasonably conclude these acts were done by a drug dealer attempting to hide his identity. In addition, the government presented expert testimony indicating that 21.49 grams of crack cocaine could be broken down

into approximately 200 individual doses with a street value of $20 each.[1]  This evidence, combined with other circumstantial evidence, provides adequate support for the jury's verdict.

We reject Thompson's argument that the evidence proves only that he was engaged in a scheme to steal credit card information.  The evidence must simply be sufficient to convince the trier of fact beyond a reasonable doubt the defendant is guilty.  United States v. Marin-Cifuentes, 866 F.2d 988, 992 (8th Cir. 1989).  Even when the evidence rationally supports two conflicting hypotheses we will not disturb a conviction.  United States v. Holm, 836 F.2d 1119, 1122 (8th Cir. 1988).  Considering all the evidence in the light most favorable to the government and resolving all evidentiary conflicts in favor of the government, we find "there is an interpretation of the evidence that would allow a reasonable-minded jury to conclude [Thompson] possessed the cocaine base with the intent to distribute." Bates, 77 F.3d at 1104-05.

III.

Accordingly, we reverse the district court's judgment of acquittal, vacate Thompson's sentence, and remand for resentencing.  Because we reverse the judgment of acquittal, we need not address whether the district court erred by granting a downward departure.

---

[1]Thompson disputes the credibility of this expert testimony.  However, we are required to view the evidence in the light most favorable to the verdict.  It is not the province of this court to "reweigh evidence or judge the credibility of witnesses when reviewing the sufficiency of the evidence" on appeal.  United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996).

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHT CIRCUIT.