# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-3050

_____

United States of America,            *
                                     *
      Appellee,                       *
                                     *       Appeal from the United States
   v.                                *       District Court for the
                                     *       District of Nebraska.
Carl V. Collins,                     *       [UNPUBLISHED]
                                     *
      Appellant.                      *


_____

Submitted: April 19, 2002
Filed: July 31, 2002

_____

Before HANSEN, Chief Judge, McMILLIAN and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

HANSEN, Chief Judge.

Following a bench trial, Carl V. Collins was convicted of possession with intent to deliver cocaine in violation of 21 U.S.C. § 841(a)(1). On appeal, Collins challenges the sufficiency of the evidence supporting his conviction. We affirm the judgment of the district court.[1]

_____

[1] The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska, tried the case without a jury. The Honorable Richard G. Kopf, Chief Judge, imposed judgment and sentence.

The Nebraska State Patrol interdicts narcotics that travel into and/or through Omaha by surveilling, among other places, the local airport, bus terminal, and train station. Trooper Rasgorshek worked each of these locations as part of the Patrol's Commercial Interdiction Unit. On March 31, 2000, while Rasgorshek was working at the Greyhound bus station, an eastbound bus destined for Chicago entered the station. The passengers disembarked, and the bus was moved to a refueling and cleaning area. After the passengers had disembarked, Rasgorshek entered the bus to look for suspicious packages. He saw a black leather jacket in the front of an overhead compartment. In his experience, Rasgorshek had observed that jackets and blankets were sometimes placed in the front of overhead compartments to conceal suspicious looking packages placed in the back of the compartment. Rasgorshek pushed the jacket out of the way with the flat of his hand to see if there were any packages or bags behind it. When he pushed the jacket, he felt a hard, square object in the jacket. Rasgorshek removed the jacket from the overhead bin and placed it on the seat in front of the seat immediately below the overhead bin. Rasgorshek could not place the jacket in the seat directly below the overhead compartment because two black leather soft-sided suitcases occupied it. Rasgorshek then brought in his narcotics-detection dog to examine the jacket. The dog alerted to the presence of narcotics in the jacket, and Rasgorshek called other members of the interdiction team for assistance.

The officers had the bus station manager make a public announcement that this particular bus would not be able to continue to Chicago and that the passengers would have to retrieve their belongings from the bus and move them to a new one. The officers then watched the passengers emerge from the bus, looking for the person wearing the leather jacket and/or carrying the black suitcases. The officers observed Collins standing in the terminal next to the leather suitcases. Rasgorshek approached him, identified himself as an officer, informed Collins that he was not under arrest, and asked if Collins would answer some questions. The officer asked Collins about his destination, and Collins informed the officers that he was traveling from Los

2

Angeles to Ohio. Rasgorshek then asked Collins if his jacket was inside the bags and Collins responded in the affirmative. (Trial Tr. at 54,115.) Because the terminal was crowded, Rasgorshek asked Collins to accompany him to the bus station's back luggage room out of the flow of traffic. Collins agreed. He picked up his bags and followed Rasgorshek into a corridor at which point Investigator Sattlefield, for safety purposes, placed handcuffs on Collins and escorted him to the luggage room. Rasgorshek picked up the bags and carried them the remainder of the way.

In the luggage room, Rasgorshek saw the black jacket tucked partially inside but hanging partially outside an unzipped section of one of the bags. He asked Collins if that was his jacket, and although Collins had earlier told Rasgorshek that his jacket was in the bag, he now denied owning the jacket. Collins told the officers that the jacket belonged to a white male he had befriended on the bus. Collins further told the officers that he had taken it off the bus with the intent to return it to that person when they boarded the new bus because it appeared to Collins that the person had accidentally left the jacket on the bus. After hearing this, Rasgorshek lifted the jacket out of the bag. It was the same jacket his drug dog had alerted to on the bus. Rasgorshek inserted his hand into a hole in the pocket and removed a brick-like object from between the lining and the jacket. The brick field-tested positive for cocaine and weighed approximately 963 grams. The officers arrested Collins.

"In an appeal from a bench trial, we review the district court's finding of guilt under a sufficiency of the evidence standard, determining whether there is substantial evidence to support the guilty verdict." United States v. Navarrete -Barron, 192 F.3d 786, 792 (8th Cir. 1999). We view the evidence in the light most favorable to the verdict, resolve all evidentiary conflicts in favor of the verdict, and accept as established all reasonable inferences tending to support the verdict. Id.; United States v. Buford, 108 F.3d 151, 153 (8th Cir. 1997). We will reverse the conviction only if "a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential[] elements." United States v.

3

McCracken, 110 F.3d 535, 540 (8th Cir. 1997). To convict Collins for possession with the intent to distribute, the government must have shown that Collins knowingly possessed cocaine with the intent to distribute it. United States v. Thompson, 285 F.3d 731, 733 (8th Cir. 2002).

Collins argues that there was insufficient evidence to support the element of knowing possession. To establish the element of knowing possession, the government must have proved that Collins had either actual or constructive possession of the contraband. United States v. Campa-Fabela, 210 F.3d 837, 839-40 (8th Cir. 2000), cert. denied, 532 U.S. 1010 (2001). Possession of drugs can be established where the defendant has ownership of or has asserted dominion or actual control over the contraband. Id. at 839; McCracken, 110 F.3d at 541. Viewing the evidence in the light most favorable to the government, we conclude that there was sufficient evidence supporting the element of knowing possession. Rasgorshek first noticed the black jacket in a bin directly above Collins' luggage. The jacket matched the appearance of Collins' bags. Rasgorshek testified that there was no other luggage in that same area of the bus and that "[w]ith no other bags or anything in the area, it appeared to me that whoever owned the jacket was also going to be the person who owned the two black leather bags." (Trial Tr. at 47.) Collins removed the jacket from the bus along with his bags when the station manager announced that all passengers should remove their luggage and personal items from the bus. He was in possession of the bags and the jacket when Rasgorshek initially approached him. Although Collins later denied ownership of the jacket, claiming that it belonged to the passenger sitting beside him, he initially told Rasgorshek that it was his jacket inside the bag. Collins claims that he was wearing a black leather three-quarter length coat the day of the arrest and that it would be nonsensical to conclude that he packed two leather jackets for this short trip. The officers denied, however, that Collins was wearing a different black jacket when they confronted him, and no other evidence supports Collins' claim. An inventory of the luggage revealed that the only jacket in either bag was the black leather jacket containing the cocaine. The district court, as

4

it was entitled to do as the trier of fact, simply credited the testimony of the officers and not Collins. (Trial Tr. at 271.) We will not reweigh the evidence or pass judgment on the credibility of the witnesses when reviewing the sufficiency of the evidence on appeal. United States v. Anderson, 78 F.3d 420, 422 (8th Cir. 1996); see also United States v. Jones, 254 F.3d 692, 695 (8th Cir. 2001) (stating that the district court's credibility determinations "are well-nigh unreviewable, so long as the findings are not internally inconsistent or based on testimony that is incoherent, implausible, or contradicted by objective evidence in the case").

The government and Collins have widely different interpretations of the facts of this case. The government alleges that Collins was traveling from Los Angeles to Chicago to distribute cocaine. Collins alleges that he was traveling to Ohio to propose to his fiancé and was merely attempting to return a seemingly forgotten jacket to a fellow traveler. Where the evidence supports two competing theories of the case, however, we will not disturb the conviction as long as a reasonable interpretation of the evidence, when viewed in the light most favorable to the government, supports the verdict. Thompson, 285 F.3d at 734. The government has presented sufficient evidence which reasonably can be interpreted to support the conviction. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.