# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3269

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Morris C. Williford, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 21, 2002

Filed: October 30, 2002

_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Morris C. Williford appeals from his conviction of possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841. He contends that the district court[1] erred in failing to instruct the jury on the lesser included offense of possession under 21 U.S.C. § 844. He also contends that the evidence on the element of intent was insufficient to support his conviction under § 841. We affirm.

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

# I.

Williford was arrested in Heaven Knows, a business that testimony indicated was a haven for drug dealers who worked the nearby streets. Williford had been in Heaven Knows from 10:15 P.M., August 31, 2000, until about 1:00 A.M., September 1, 2000, when he was arrested after a search warrant was served on the business. Two officers saw Williford throw towards the back of the building a plastic bag that was later found to contain 11.3 grams of crack cocaine. Testimony indicated this amount constituted approximately 40 doses and was worth about $1,100. Also found near Williford and the first bag was a second, similar bag containing 13.35 grams of crack cocaine.

Williford challenges the sufficiency of the evidence to establish a violation of 21 U.S.C. § 841. The standard of review for such a challenge is strict. We view the evidence in a light most favorable to sustaining the verdict and reverse only if the jury must have had a reasonable doubt about an element of the crime. United States v. Allen, 297 F.3d 790, 796 (8th Cir. 2002). A conviction can be supported by either direct or circumstantial evidence. United States v. Becht, 267 F.3d 767, 775 (8th Cir. 2001). "The evidence need not exclude every reasonable hypothesis except guilt." United States v. Erdman, 953 F.2d 387, 389 (8th Cir. 1992). Although certainly not overwhelming, the evidence was sufficient to support a finding of an intent to distribute. The jury could reasonably have inferred from the large number of doses and the substantial monetary value of the drugs that Williford possessed more than one would possess for mere personal use. United States v. Boyd, 180 F.3d 967, 980 (8th Cir. 1999). In addition, the length of time Williford had been in Heaven Knows at the time he was arrested supports an inference that he was there to sell drugs rather then to buy them. The lack of additional evidence typically found with drug dealers, such as scales, individual packaging, cutting agents, and weapons, makes this a close case. Nevertheless, on this record we cannot say that the jury must have had a reasonable doubt regarding Williford's intent.

Williford also challenges the district court's failure to instruct the jury on the lesser included offense of possession, a violation of 21 U.S.C. § 844. We review the district court's formulation of jury instructions for abuse of discretion. United States v. Parker, 32 F.3d 395, 400 (8th Cir. 1994). A defendant is entitled to a lesser included offense instruction only if a proper request is made. Id. at 400-01. Because Williford did not request a lesser included offense instruction, we review his claim only for plain error. United States v. Jorgensen, 144 F.3d 550, 560 (8th Cir. 1998). "Plain error review is extremely narrow and is limited to those errors which are so obvious or otherwise flawed as to seriously undermine the fairness, integrity, or public reputation of judicial proceedings." United States v. Griffith, 301 F.3d 880, 883 (8th Cir. 2002) (quoting United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001)).

We find no plain error in the district court's failure to sua sponte submit a lesser included offense instruction. In any event, even if Williford had been convicted of possession under § 844, the amount of drugs involved requires sentencing under U.S.S.G. § 2D1.1, the same section applicable to possession with intent to distribute. U.S.S.G. § 2D2.1(b)(1). The range applicable to the base offense level and Williford's criminal history category is 78-97 months. Williford was sentenced to 78 months, the shortest sentence allowed. Thus his sentence would not have been shorter even if he had been convicted of the lesser included offense.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-