# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-1338

————————

United States of America,                      *
                                         *

               Appellee,         *
                                           *    Appeal from the United States

        v.                       *    District Court for the
                                           *    Southern District of Iowa.

Warren Babiar,                        *
                                         *

             Appellant.       *

————————

Submitted: October 19, 2004
Filed: November 29, 2004

————————

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

————————

RILEY, Circuit Judge.

Warren Babiar (Babiar) was tried and convicted of conspiracy to distribute marijuana. The district court[1] granted Babiar a new trial based on the prosecutor's failure to turn over newly discovered evidence. See Brady v. Maryland, 373 U.S. 83, 87, 90-91 (1963) (holding the prosecution's suppression of evidence favorable to an accused violates due process and the defendant is entitled to a new trial). On retrial, a jury again found Babiar guilty of conspiracy to distribute marijuana. The district

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

court sentenced Babiar to 151 months imprisonment. Babiar appeals the district court's denial of his motion to dismiss based on prosecutorial misconduct.[2]

Babiar argues his case should be dismissed due to the prosecutor's misconduct in failing to turn over newly discovered evidence before the first trial. Before Babiar's first trial, government investigators in Texas knew another suspect was using a fake driver's license and birth certificate bearing Babiar's name. After Babiar's trial, this other party was charged with a nation-wide conspiracy of identity theft and marijuana trafficking, including the marijuana shipment used to convict Babiar.

Where the defendant alleges prosecutorial misconduct, dismissal is proper if the defendant demonstrates flagrant misconduct and substantial prejudice. United States v. Manthei, 979 F.2d 124, 126-27 (8th Cir. 1992). We will reverse a district court's denial of a motion to dismiss only upon a finding of abuse of discretion. Id.

The district court did not abuse its discretion in denying Babiar's motion to dismiss based on prosecutorial misconduct. First, to the extent the prosecution violated Brady by failing to disclose evidence favorable to Babiar, the district court properly remedied any Brady error before the second trial. As the district court stated, "Defendant received a full and adequate remedy when he was granted a new trial." The newly discovered evidence was provided to Babiar before the second trial, and Babiar used this evidence in presenting his defense. Babiar was not denied the use of any witnesses or other evidence at the second trial relating to the Brady issue. Therefore, the district court did not abuse its discretion in denying Babiar's motion to dismiss.

---

[2]We denied Babiar's motion to file a supplemental brief addressing Blakely v. Washington, 124 S. Ct. 2531 (2004). We reserve ruling on the applicability of Blakely until the Supreme Court decides United States v. Booker and United States v. Fanfan.

Second, Babiar failed to show substantial prejudice. In this context, "prejudice" means prejudice to an individual's ability to present a defense and receive a fair trial. See Barker v. Wingo, 407 U.S. 514, 534 (1972) (concluding prejudice to the defendant was "minimal," because all of the defendant's witnesses still were available and lapses in memory were minor, even though trial had been delayed more than four years and the defendant spent ten months in jail before trial). Babiar argues he was prejudiced because he was incarcerated for eighteen months before receiving a second trial. However, Babiar has not shown how this delay or his incarceration prejudiced his right to a fair trial. As the district court explained, the time during which Babiar was incarcerated before his second trial will be credited to his sentence. The district court correctly held Babiar did not demonstrate substantial prejudice.

Babiar also argues the district court misstated the record in his opening remarks during the second trial, thereby tainting the jury. The district court stated to the jury:

> This case was tried once before, but it did not go to final judgment. And the reason it did not is very shortly after the trial, new evidence that neither the Government nor the Defendant had known about began to surface, and it–an investigation went on for some while, and more evidence surfaced. And it's important that any jury trying a case have all of the evidence that is relevant to the case; and, therefore, a new trial has been granted.
>
> I mention that to you because in the course of the trial there will be a reference to the new trial. In fact, I think one of the witnesses presented will be presented simply by having read to you the testimony that she gave in the first trial, and there may be other occasions of reference to that first trial. But the case is being tried anew.

Following this statement, Babiar moved to dismiss the jury panel on the ground the district court misstated the record because the government had constructive knowledge of the new evidence. The district court denied Babiar's motion to dismiss and provided the jury the following clarification:

-3-

I will clarify something I said earlier. When I referred to the Government–I indicated the Defendant and Government didn't know about this evidence. I'm referring to the Defendant and his counsel at the time of the first trial. And when I refer to the Government, I'm referring to the United States Attorney's Office for the Southern District of Iowa.

A district court's formulation of instructions to the jury is reviewed for abuse of discretion. <u>United States v. Williford</u>, 309 F.3d 507, 509 (8th Cir. 2002). The district court's challenged instruction in this case was an accurate and necessary explanation of the facts leading to a second trial. Accordingly, the district court did not abuse its discretion.

We affirm the judgment of the district court.

_____