# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1338

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Warren Babiar, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 19, 2004
Resubmitted: June 1, 2005
Filed: June 3, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Warren Babiar (Babiar) was convicted of conspiracy to distribute marijuana. United States v. Babiar, 390 F.3d 598, 599 (8th Cir. 2004) (mandate recalled). At the sentencing hearing, the district court[1] made findings of fact warranting a two-level enhancement for obstruction of justice under United States Sentencing Guidelines (Guidelines) § 3C1.1 (assessing Babiar's trial testimony and concluding "I think he lied" and "[t]he jury thought he lied"), and a four-level enhancement for Babiar's

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

aggravating role in the conspiracy under U.S.S.G. § 3B1.1(a) (finding Babiar was "an organizer or leader of criminal activity that involved five or more participants"). These sentencing enhancements increased Babiar's base offense level by 6, resulting in a total offense level of 34 and a sentencing range of 151 to 188 months' imprisonment. The district court sentenced Babiar to 151 months' imprisonment, finding "the minimum sentence under the guidelines is adequate to fully serve all the statutory purposes of sentencing."

Babiar appealed his conviction and sentence. Before oral argument on Babiar's appeal, the Supreme Court issued its decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), which declared the State of Washington's mandatory sentencing system was unconstitutional. We affirmed Babiar's conviction, but reserved ruling on the applicability of Blakely to Babiar's sentence until the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005). Babiar, 390 F.3d at 599 n.2, 602. After the Supreme Court issued its decision in Booker, which held the mandatory federal Guidelines violated the Sixth Amendment by requiring judges to enhance the sentences of defendants based on facts not found by a jury or admitted by the defendant, Booker, 125 S. Ct. at 756, Babiar challenged the constitutionality of his sentence in a Federal Rule of Appellate Procedure 28(j) letter. We now address Babiar's challenge to his sentencing enhancements.

Citing Booker, Babiar contends the district court's imposition of sentencing enhancements for obstruction of justice and aggravating role violated his Sixth Amendment rights, because the facts supporting these enhancements were not admitted by Babiar nor proved to a jury beyond a reasonable doubt. Because Babiar did not raise this argument in the district court, we review only for plain error. See Fed. R. Crim. P. 52(b); United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc).

To establish plain error, Babiar must establish (1) an error, (2) that is plain, and not only (3) affected Babiar's substantial rights, but also (4) "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Johnson v. United States, 520 U.S. 461, 466-67 (1997)). The first two prongs are satisfied where, as here, the district court treated the Guidelines as mandatory. Id. at 550. To meet the third prong of the plain-error test, Babiar must show a "reasonable probability" the district court would have imposed a more lenient sentence under the now advisory Guidelines regime. Id. at 551.

Babiar has not met his burden of demonstrating he suffered actual prejudice from being sentenced under a mandatory Guidelines regime. Although the district court sentenced Babiar at the bottom of the applicable Guidelines range, the record as a whole provides no basis for concluding the district court would have imposed a lesser sentence had it deemed the Guidelines advisory. See id. at 553 (stating "where the effect of the error on the result in the district court is uncertain or indeterminate–where we would have to speculate–the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error") (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005)). The district court gave no indication at sentencing it wished to sentence Babiar below the sentencing range, but could not because the mandatory Guidelines prevented the court from doing so. On the contrary, the district court found the sentence was "adequate to fully serve all the statutory purposes of sentencing." Accordingly, we hold Babiar failed to satisfy the third prong of plain-error analysis, i.e., that the sentence imposed by the district court affected Babiar's substantial rights.

Having previously affirmed Babiar's conviction, we now affirm his sentence. The Clerk is directed to issue the mandate forthwith.

_____