# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3018

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa |
| Robert Allen Davis, | * | |
| | * | [UNPUBLISHED] |
| Defendant – Appellant. | * | |

_____

Submitted: January 15, 2010
Filed: January 20, 2010

_____

Before MURPHY and BYE, Circuit Judges, and GOLDBERG,[1] Judge.

_____

PER CURIAM.

Robert Allen Davis was convicted of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 120 months imprisonment. On appeal he contests the district court's[2] denial of his motion

___

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

to suppress evidence, the sufficiency of the evidence upon which the guilty verdict was based, and the sentence imposed.  We affirm.

Police received information indicating that Davis had been stealing farm equipment from Bomgaars, a farm supply store where he worked, and selling it from the farm of his uncle, Larry Davis.  Police obtained a search warrant for the uncle's property.  Larry Davis consented to a search of his home and showed the officers ammunition and gun cabinets containing multiple firearms which he said belonged to Robert Davis.  Robert Davis had been convicted in Iowa in 1997 of third degree sexual abuse, third degree burglary, and assault with intent to commit sexual assault.  As a result the United States indicted him for being a felon in possession of firearms and ammunition and for forfeiture of the firearms and ammunition.

Davis moved to suppress the firearms and ammunition on the basis that the search warrant lacked probable cause, but his motion was denied.  At trial he claimed that he had sold the guns in 2000 to another relative, Willis Davis.  The jury convicted him on both counts, and his renewed motion for judgment of acquittal or for a new trial was denied.  At sentencing the district court imposed a four level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing the firearms in connection with the felony theft offense.  It calculated his advisory sentencing guideline range at 121 to 151 months, denied his motion for a variance, and sentenced him to 120 months imprisonment, the statutory maximum sentence.

Davis contends that the district court erred in denying his motion to suppress because the search warrant for his uncle's property lacked probable cause, but he has failed to demonstrate that he had a legitimate expectation of privacy there.  See Minnesota v. Carter, 525 U.S. 83, 88 (1998).  The evidence did not show that Davis either lived or stayed more than irregularly at his uncle's residence, that he stored personal effects there which he admitted to owning, or that he had exclusive access to or had taken precautions to maintain privacy in the gun cabinets or the room where the ammunition was found.  See United States v. McCaster, 193 F.3d 930, 933 (8th Cir. 1999).  He therefore lacks standing to challenge the search.

Davis also contests the denial of his motion for judgment of acquittal or for a new trial, arguing that the evidence at trial was insufficient to sustain a guilty verdict. We review de novo the district court's denial of the motion for acquittal, viewing the evidence in the light most favorable to the verdict and according it all reasonable inferences. United States v. Thompson, 285 F.3d 731, 733 (8th Cir. 2002). The denial of that motion will be affirmed unless no reasonable trier of fact could conclude that Davis was guilty beyond a reasonable doubt. Id. Since Davis stipulated to the other elements of § 922(g), the government needed to prove only that he knowingly possessed the firearms or ammunition.

The district court did not err in denying Davis's motion for judgment of acquittal because the totality of the evidence permitted a reasonable trier of fact to conclude beyond a reasonable doubt that he knowingly possessed the firearms. See id. There was evidence that Davis owned the firearms, stored them at his uncle's house but would retrieve them for hunting, and that he had obtained multiple hunting licenses between 2001 and 2005. While Willis Davis testified that Davis had sold him the firearms in 2000, that evidence was contradicted by the testimony of appellant's former girlfriend, Diane Roemmich. She stated that Davis had repeatedly told her he would never sell the firearms. Moreover, the district court did not clearly abuse its discretion in concluding that the evidence did not "preponderate[] sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." See United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980). Accordingly, the denial of Davis's alternative motion for a new trial was also appropriate. See id.

Davis also objects to the four level sentencing enhancement imposed by the district court under U.S.S.G. § 2K2.1(b)(6). We review for clear error the district court's finding that Davis "'used or possessed any firearm . . . in connection with another felony offense.'" See United States v. Harper, 466 F.3d 634, 649–50 (8th Cir. 2006) (quoting § 2K2.1(b)(6)). A firearm is possessed "in connection with another felony offense" if it had "some purpose or effect with respect to the other offense [such that] its presence facilitated or had the potential to facilitate the offense, as opposed to being the result of mere accident or coincidence." United States v. Smith,

535 F.3d 883, 885 (8th Cir. 2006) (quotation marks and citation omitted); see also U.S.S.G. § 2K2.1(b)(6) cmt. n.14(A).  The district court considered "the number and nature of the firearms, the presence of ammunition, [Davis]'s use of [his uncle's farm] . . . for storage of the stolen items, [his] criminal history . . . [,] possession of a firearm, handcuffs, and a wig in his personal vehicle, and . . . [his] aggressive, if not violent, behavior."  On the basis of that evidence, the district court did not clearly err when it found that at least some of the firearms had the potential to facilitate the theft.  Nor did the district court clearly err when it found that Davis stole the farm equipment from Bomgaars which was a felony theft under Nebraska law.  See Nebraska Code §§ 28-511, -518.

Finally, Davis complains about the court's failure to grant a variance.  He argues that the district court failed to consider all the 18 U.S.C. § 3553(a) factors, giving insufficient weight to his limited criminal history, strong family support, and to the fact that his previous conviction was nearly outside of the ten year time frame for computation of his criminal history under U.S.S.G. § 4A1.1.  See U.S.S.G. § 4A1.2(e).  We review the sentence imposed under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S 38, 51 (2007).  The district court did not procedurally err, for it properly calculated the guideline range, treated it as advisory, adequately explained the sentence, and expressly considered possible mitigating factors in its § 3553(a) analysis.  See id.  Nor did it impose a substantively unreasonable sentence.

Accordingly, the judgment of the district court is affirmed.

_____