# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2903

_____

United States of America,　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the Eastern
　　　　　　　　　　　　　　　　*　District of Arkansas.
Michael Blum,　　　　　　　　　*
　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　Appellant.　　　　　*

_____

Submitted:  November 15, 2010
Filed:  December 15, 2010

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Between March and November of 2005, Michael Blum engaged in a series of online "chats" with Rachael, a thirteen-year-old girl.  He asked Rachael to take photographs of herself, both clothed and unclothed, and made numerous comments indicative of his sexual interest in her.  In particular, between April 19 and May 3, Blum repeatedly requested that Rachael photograph herself while nude.  On May 3, Rachael told him that she had taken the photographs, and she transmitted a number of images depicting her engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256.  At various times during 2005 and 2006, Blum also pursued similar online relations with two other minor girls.

In August 2007, a federal grand jury returned a six-count indictment against Blum. He entered pleas of not guilty and proceeded to trial. At the close of the Government's case-in-chief, Blum moved pursuant to Fed. R. Crim. P. 29(a) for a judgment of acquittal on all counts, which the district court[1] granted only as to one count. The jury convicted him on three of the remaining counts and acquitted him on two. The district court then sentenced Blum to 188 months' imprisonment on Count Two (production of child pornography involving Rachael's May 3 photographs, in violation of 18 U.S.C. § 2251(a)) and Count Three (receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2)), to run concurrently with 120 months' imprisonment on Count Four (possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B)). Blum appeals only his conviction with respect to Count Two, asserting that the district court erroneously denied his motion for acquittal because the Government failed to produce sufficient evidence that he caused Rachael to produce the sexually explicit images.

"When 'considering a motion for a judgment of acquittal, a district court has very limited latitude.'" *United States v. Thompson*, 285 F.3d 731, 733 (8th Cir. 2002) (quoting *United States v. Robbins*, 21 F.3d 297, 298-99 (8th Cir. 1994)). The district court "views the evidence in the light most favorable to the Government, resolving evidentiary conflicts in favor of the Government, and accepting all reasonable inferences drawn from the evidence that supports the jury's verdict." *Id.* (quoting *United States v. Bates*, 77 F.3d 1101, 1104-05 (8th Cir. 1996)). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt." *Id.* (quoting *Bates*, 77 F.3d at 1105). On appeal, we apply the same standards as the district court, *Robbins*, 21 F.3d at 299, and we will reverse "only if no reasonable jury could have

---

[1] The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

found the accused guilty beyond a reasonable doubt," *United States v. Collins*, 340 F.3d 672, 678 (8th Cir. 2003).

The federal statute criminalizing the production of child pornography, 18 U.S.C. § 2251(a), provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer . . . .

Blum concedes that the relevant images transmitted on May 3 depicted "sexually explicit conduct." *See* 18 U.S.C. § 2256(2)(A)(v) (defining "sexually explicit conduct" to include the "lascivious exhibition of the genitals or pubic area of any person"). He challenges only the sufficiency of the evidence to prove beyond a reasonable doubt that he persuaded, induced, or enticed Rachael to produce the sexually explicit images, especially in light of the fact that the Government chose not to call Rachael as a witness.

First, Blum argues that the Government presented no evidence that the person with whom Blum communicated was actually Rachael. At trial, Special Agent Jared Bonvell of the United States Air Force Office of Special Investigation testified that he had examined Blum's online correspondence with Rachael, had reviewed open source media, and had contacted "[t]he police department and schools" to identify her. Based on this investigation, Special Agent Bonvell testified that the relevant online monikers to which Blum directed his correspondence belonged to Rachael. Further, Blum concedes that the sexually explicit images were of Rachael. Blum now challenges the sufficiency of this evidence because it does not exclude the possibility that a third party was using the monikers to masquerade as Rachael during their chats.

-3-

However, a "jury verdict may be based on circumstantial as well as direct evidence, and '[t]he evidence need not exclude every reasonable hypothesis except guilt.'" *United States v. Ellefson*, 419 F.3d 859, 863 (8th Cir. 2005) (alteration in original) (quoting *United States v. Williford*, 309 F.3d 507, 509 (8th Cir. 2002)). We conclude that, viewing the evidence in the light most favorable to the Government and accepting all reasonable inferences that support the jury's verdict, sufficient evidence supports the jury's finding that Rachael was Blum's online counterpart.

Second, Blum asserts that, although he made "a few specific requests for photographs that could be interpreted as request [sic] for nude photographs," the Government presented no evidence that he requested photographs that would qualify as "sexually explicit" under § 2256. This argument also fails to persuade. We have held that "when the child is nude or partially clothed, when the focus of the depiction is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer, the depiction is lascivious." *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999); *see also* 18 U.S.C. § 2256(2)(A)(v). In the present case, Blum repeatedly requested that Rachael photograph herself while nude or partially nude, at one point expressing regret that she had not yet photographed her "kitty."[2] Moreover, the record is replete with evidence from which a jury could reasonably infer that Blum sought images designed to stimulate him sexually. Viewing the evidence in the light most favorable to the verdict, therefore, we conclude that a reasonable jury could have found beyond a reasonable doubt that Blum requested visual depictions of sexually explicit conduct from Rachael.

Finally, Blum argues that, even assuming he endeavored to induce the production of sexually explicit images, the Government presented insufficient evidence of Rachael's motivation for taking the relevant photographs. Thus, Blum

---

[2] The term "kitty" has been defined as an informal term for female genitalia. *The Routledge Dictionary of Modern American Slang and Unconventional English* 596 (Tom Dalzell ed., 2009).

contends, no evidence supports the jury's finding that Blum's entreaties caused Rachael to produce the images because it is equally likely that she photographed herself "at another time or for another reason." The Government presented extensive evidence that Blum pursued a "grooming"[3] relationship with Rachael and repeatedly demonstrated his sexual interest in her. On April 19, 2005, Blum sent Rachael a message stating, "I want you so bad . . . and I am so hard," after which he told her "I really want you to take pics right now." When Rachael responded that her mother's proximity precluded her from photographing herself, Blum expressed regret that she would not "take an ass shot" or photograph her "kitty." On April 26, Blum asked Rachael, "[D]id you take any pics today?" He then asked, "[H]ave you decided on the nude shot yet? . . . [W]ell I think you should . . . . [R]emember, I will send you a nude of me if you do . . . . *[I] have to entice you somehow*." (emphasis added). Blum again sent Rachael sexually explicit messages and requested that she photograph herself on April 27, April 29, and May 2. Finally, on May 3 he contacted Rachael again and demanded that she "take pics." Rachael replied "I took some," and, upon Blum's further request, she sent him the sexually explicit photographs upon which Count Two is premised. Viewing the evidence in the light most favorable to the Government, we find that the voluminous record of Blum's communications with Rachael would allow a reasonable jury to conclude that the sexually explicit images were produced in response to Blum's barrage of requests.

For the reasons stated above, we affirm the judgment of the district court.

_____

---

[3] "Grooming" is defined in the record as the "seductive process" by which adults gain the trust of minors. (Trial Tr. vol. II, 146); *see also United States v. Young*, 613 F.3d 735, 739 n.3 (8th Cir. 2010), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Oct. 18, 2010) (No. 10-7727).