# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2012

No. 11-60661
Summary Calendar

Lyle W. Cayce
Clerk

JOHN O. CROSBY,

Plaintiff - Appellant,

v.

COMPUTER SCIENCE CORPORATION; ROGER CONDIT, Individually and
in his capacity as a manager and representative of Computer Science
Corporation; CARMEN CASEY, Individually,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CV-239

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

After being terminated in January 2010, John O. Crosby sued his former
employer, Computer Sciences Corporation ("CSC"), for race, sex, and age
discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e
*et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 11-60661

U.S.C. § 621 *et seq*. The district court granted summary judgment in favor of CSC. We now AFFIRM.

I.

CSC is a consulting firm that offers technological business solutions and services. CSC hired Crosby in 2008 as a manager in its Supply Services department. Crosby is an African-American male who was born in 1953. Crosby's supervisor, Roger Condit, is a Caucasian male who was born in 1947. Crosby oversaw approximately 50 employees, including Carmen Casey, a computer operator in Crosby's department.

In November 2009, Casey complained about Crosby to CSC Human Resources personnel. She reported that Crosby harassed her by making inappropriate sexual comments to her and then retaliated against her after she rebuffed his advances. Specifically, she complained that Crosby retaliated against her by singling her out for criticism at staff meetings and on other occasions. CSC did not immediately take action, but after Casey filed a subsequent written complaint in December, CSC suspended Crosby and conducted an investigation. Thereafter, in January 2010, CSC terminated Crosby.

Crosby sued. Against CSC he alleged race, sex, and age discrimination in violation of Title VII and the ADEA. He also brought a state law claim against Condit and Casey for tortious interference with business relations. CSC, Condit, and Casey moved for summary judgment and the district court granted their motions. Crosby timely appealed.[1]

---

[1] Crosby's appellate brief does not address his tortious interference claim. It is therefore deemed waived. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

No. 11-60661

II.

We review *de novo* the district court's grant of summary judgment. *Hoog-Watson v. Guadalupe Cnty., Tex.*, 591 F.3d 431, 434 (5th Cir. 2009). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The elements of a prima facie case of discrimination are identical under Title VII and the ADEA. *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 638–39 n.4 (5th Cir. 1985), *abrogated on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993). A disparate treatment plaintiff like Crosby must show that he: "(1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) . . . that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001) (internal quotation marks omitted).

Only the fourth element is at issue. Crosby has proffered Condit as his only comparator. As the district court correctly explained, an employee must proffer a comparator who was treated more favorably "under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). This standard is satisfied "when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Id.* (citations omitted). "[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Id.*

Here, the district court correctly determined that Condit is not a valid comparator because he was Crosby's supervisor (and therefore did not have the same supervisor as Crosby) and does not have a violation history comparable to

3

No. 11-60661

Crosby's. Crosby argues that Condit also created a hostile work environment by failing to investigate Casey's initial harassment complaints against Crosby, for which Crosby was suspended and then terminated (after an HR investigation). Even assuming *arguendo* that Condit violated company policy by not immediately launching an investigation into complaints against Crosby—as Crosby claims—this violation would not be "nearly identical" to Crosby's because it would violate a different aspect of CSC's personnel policy. *See Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990) (per curiam). Moreover, it is facially absurd for a plaintiff to argue that his proffered comparator engaged in comparable misconduct by not investigating swiftly enough the workplace complaints *against the plaintiff* for which the plaintiff was ultimately fired.

## III.

Crosby has not identified a proper comparator and thus has not satisfied the fourth element of a prima facie disparate treatment case. The judgment of the district court is AFFIRMED.